# Richmond

## Virginia S. Fairfax Wall v. Agnes Keefe Hodges Fairfax, et al.

December 7, 1942.

Record No. 2595.

Present, Campbell, C. J., and Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states the case.

*Albert V. Bryan,* for the appellant.

*J. Randall Caton, Jr.,* for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

The sole question involved in this appeal is the proper construction of an endorsement upon a deed of trust note, executed by Agnes Keefe Hodges Fairfax, appellee, dated July 10, 1930, in the sum of $6,000.

The appellee, who is the divorced wife of M. S. Fairfax, filed her bill of complaint alleging that by a certain deed of trust, executed July 10, 1930, she conveyed certain property situated in Alexandria, Virginia, to L. H. Dudley, Trustee, in trust, to secure the payment of $6,000, evidenced by a promissory bond, due three years after date and payable to bearer at the Alexandria National Bank; that to this bond

there were attached six interest coupons in the sum of $180 each; that the bond was negotiated at intervals; and that there appear upon the back of the bond the following endorsements:

"Pay to the order of J. Frank Jones without recourse

"L. H. Dudley without recourse

"J. Frank Jones

"Pay to the order of Virginia S. Fairfax, the proceeds hereof to remain under her sole control for and during her natural life or until paid in full by the maker or owner of the said property. Should she die, without the note being paid in full, then the proceeds hereof to be the property of her surviving brothers and sisters at the time of her death. Without recourse to me.

(Sd)  M. S. Fairfax."

The appellee alleged, also, that M. S. Fairfax departed this life March 9, 1941; that Virginia S. Fairfax, the present holder of the bond, is married and her name is now Virginia Wall; that the brothers and sisters of Virginia Wall are Kathryn Fairfax Senne, Agnes S. Fairfax, Milton S. Fairfax and Thomas Fairfax.

The prayer of the bill is that the above named parties be made defendants to the bill; that the court construe the endorsements upon the said bond, and, by final decree, establish the rights, duties and obligations of the complainant and the parties defendant, in and to the proceeds of said bond and the income to be derived therefrom.

All of the defendants, other than appellant, filed their joint answer to the bill and joined in the prayer for construction of the endorsement. Appellant filed her answer to the bill, alleging therein that she was the owner and holder of the bond since the year 1936; that she acquired the bond by purchase from J. Frank Jones, the then holder thereof.

The answer, which is in the nature of a cross-bill, contains this prayer:

"That this Court decree that she is entitled to the use and benefit, for and during her natural life, of the said bond and deed of trust, and that she is entitled absolutely to the interest

now due and payable on said principal and that upon payment of the said bond in full by the maker, or by the owner of the property described in said deed of trust, or upon payment thereof through foreclosure of said deed of trust occasioned by the failure of the maker to pay said bond, and the interest thereon, when and as due, then this respondent shall be entitled absolutely and in fee simple to the principal, and accrued interest, of said bond."

The cause was heard upon the bill and answers and upon evidence taken *ore tenus*.

Appellant testified, in support of her claim of ownership, that she and her father were very close to each other and he demonstrated his affection for her in many ways; that in the month of October, 1936, he made her a present of $6,000 in cash; that she took the money to the bank and placed it in a safety deposit box which was in the joint name of her father and herself; that to the money was attached a memorandum in these words: "The contents of this box $6,000.00 is left to my daughter Virginia S. Fairfax in case of my death. M. S. Fairfax;" that a short time before the maturity of the bond and deed of trust, her father, being desirous of securing the home for her mother, brothers, sisters and herself, advised her to purchase the bond as an investment and to secure a home for the family; that, accordingly, she procured the money from the safe-deposit box, obtained a cashier's check therefor from the Citizens National Bank, and purchased the bond from J. Frank Jones, the holder thereof; that the bond was then taken by her to her father who directed his attorney to place thereon the endorsement under consideration; that this endorsement was placed upon the bond to secure the family a home and to keep it from being re-mortgaged by her mother, the maker of the note; that she placed the bond in the safe-deposit box where it remained until this litigation arose, that she made no effort to collect the interest; that she made no demand for payment of the bond; and that her father departed this life on April 13, 1939.

Appellee objected to this evidence on the ground that its effect was to vary the terms of the endorsement upon the

bond. This objection was overruled and exception noted by appellee.

J. Randolph Davis, the scrivener of the endorsement and the administrator of M. S. Fairfax, deceased, testified that as administrator he made no claim to the note as a part of decedent's estate. In answer to the question, "As an attorney, you considered that note was endorsed over in trust for certain purposes and therefore not a part of the estate?", he replied, "I knew the circumstances, and I knew Mr. Fairfax had relinquished all right to it."

Whether or not the evidence objected to was admissible is immaterial because appellant is forced by her own admission to rely upon the endorsement for any claim she may . assert as to the ownership of the bond. In her answer and in her evidence appellant admits that the bond was taken by her to M. S. Fairfax who directed his attorney to place the endorsement thereon. If, as claimed by appellant, the bond was her property by virtue of her purchase from Jones, the holder thereof, then the endorsement of M. S. Fairfax, without recourse, was an idle gesture. Such an act does not coincide with the theory of a money gift from M. S. Fairfax.

The decree, which sets forth the court's conclusions, shows that the court proceeded to construe the endorsement on the bond without any reference to the parol evidence of appellant. The pertinent part of the decree reads:

"Upon consideration whereof, the Court is of the opinion, and so adjudges, orders and decrees, from the wording of the endorsement and from the testimony of the witness Randolph Davis, the attorney for Milton S. Fairfax, deceased, that the said endorsement on the note described in the bill and proceedings in this case, is a conditional endorsement and not a special endorsement, and that under the circumstances, the defendant Virginia S. Fairfax Wall is entitled to the interest on the said note of $6,000.00 from the date of the assignment (July 9, 1937) and to continue during her natural life or until the note is paid, but that should the said note be paid during the lifetime of the defendant Virginia S. Fairfax Wall, the proceeds representing the principal thereof would belong

to the estate of Milton S. Fairfax, deceased, and in the event the principal of the said note is not paid during the lifetime of the said Virginia S. Fairfax Wall, then upon her death her brothers and sisters living at that time would be entitled to the principal of the said note."

This action of the court is assigned as error.

In the petition for an appeal, appellant takes the position that she is entitled to the payment of interest on the bond for and during her natural life, or until the principal of the bond is paid; and, that upon payment of the principal during her lifetime, she becomes the absolute owner of such principal; but in the event that the bond is not paid during her lifetime, then, upon her death, the principal should be divided among her brothers and sisters then living.

Two points are relied upon to sustain this contention. First: that the terms of the endorsement transferred to her the absolute right to the principal of the bond upon its payment during her lifetime; Second: That if the endorsement does not preserve her right in this respect, then she may preserve this right by asserting title as bearer of the bond, by striking out the special endorsements, as permitted by sections 5602 and 5610 of Michie's Code, 1936.

Adverting to the second point relied upon, we are of opinion that the conclusion of the court, that the endorsement upon the bond is a conditional endorsement and not a special endorsement, is correct. It follows that the sections relied upon are not applicable.

When we come to consider the second point relied upon, there is but one conclusion that can be drawn from the wording of the endorsement and the evidence of J. Randolph Davis. It is manifest, we think, that M. S. Fairfax never intended to bestow the six thousand dollars upon appellant. That he retained title to the money is evidenced by the testamentary paper attached to the fund when it was placed in the deposit box. It is apparent that appellant purchased the bond from Jones at the direction of M. S. Fairfax. That appellant recognized the ownership of M. S. Fairfax is evinced by the fact that the bond was delivered to M. S.

Fairfax without any claims of title by appellant. Then again, there is no dispute of the fact that the main object of M. S. Fairfax, in purchasing the bond, was to prevent a foreclosure of the deed of trust and thus secure to his former wife and their children a home in which to dwell. That appellant was his favorite child is a conclusion to be drawn from the fact that the language of the endorsement denotes that she was to be paid the interest (called proceeds) for and during her natural life, or until the bond was discharged.

If, as contended by appellant, M. S. Fairfax gave her the bond to secure a home for his former wife and children, then he did a vain thing, as this litigation clearly demonstrates, for, if appellant is the owner of the bond, then she possesses the means of depriving her mother of a home in which to live.

There is no merit in appellant's assignment of error.

Appellee assigns as cross-error the action of the court in decreeing that appellant is entitled to interest on the bond of $6,000 from the date of the assignment. For the reasons stated, this assignment of error is without merit.

Upon the whole case, we are of opinion that there is no error in the decree appealed from and it is, therefore, affirmed.

*Affirmed.*